■ In the Matter of FRANCIS J. DANIELEWICZ, Respondent, v NORTON AURIGEMA et al., as Commissioners of Elections of the County of Niagara, Respondents, and AMEL S. JOWDY, as Candidate for Town Justice of the Town of

Cambria, Appellant. — Order unanimously reversed, without costs, and the certificate of nomination of appellant Jowdy filed by the Republican Party validated. Memorandum: Respondent Jowdy appeals from an order that directed the board of elections to invalidate a certificate of nomination designating a candidate for the position of Town Justice on the ground that the county committee had failed to comply with its own rules (Election Law, § 6-108, subd 2). The certificate of nomination is valid. Section 6 of the rules of the county committee gives the executive committee the power and makes it the committee's duty to effectuate the objectives of the Republican Party. The nomination of Republican candidates is clearly among these objectives. Special Term recognized that section 6 is applicable only under special circumstances but was overrestrictive in delineating those circumstances. Absent illegality, there is a general policy of noninterference with the internal workings of a political party. There is no such illegality in the present case; the peculiar circumstance preceding the filing of the certificate of nomination warranted the exercise of the powers delegated to the executive committee under section 6 of the rules of the county committee. (Appeal from order of Supreme Court, Niagara County, Sedita, J. — Election Law.) Present — Dillon, P. J., Doerr, Denman, Moule and Schnepp, JJ. (Decision filed Oct. 27, 1982.)